UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CURTIS THORNTON,

          Plaintiff,

    v.

DALY CITY, et al.,

          Defendants.

Case No.  19-cv-07638-HSG

**ORDER GRANTING IN PART MOTIONS TO DISMISS**

Re: Dkt. Nos. 18, 21, 22, 28, 43

Pending before the Court are Defendants' motions to dismiss Plaintiff's first amended complaint ("FAC"). Dkt. Nos. 18, 21, 22, 28, 43. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS IN PART** the motions to dismiss.

## I. BACKGROUND

The FAC alleges the following facts. Plaintiff's childhood friend, Joshua Godinez, worked at Gate Gourmet, and Plaintiff "observed" that Godinez would "be held" at work "for longer than he intended" and "complain[ed] of receiving no payment." FAC ¶¶ 34, 38-39. Plaintiff later inquired about employment at Gate Gourmet, was hired in July 2018, and was "assigned to work in a freezer manufacturing meals overnight, supervised in large part by [Margaret] Parker." *Id.* at ¶ 47. He "observed that the facility was a locked down building with access controls," that a manager was required to clock out production workers, and that "managers entered fraudulent information into the time clock recording system." *Id.* at ¶ 48. Within his first week at Gate Gourmet, Plaintiff "observed Miss Parker coercing reluctant individuals to work extended shifts and heard testimony from the production workers that they were not being paid for their hours." *Id.* at ¶ 52.

In early August, Plaintiff was "similarly defrauded by Gate Gourmet," notified his supervisors, and tried to obtain the contact information of the payroll personnel. *Id.* at ¶¶ 54-55. Plaintiff alleges that "Miss Parker attempted to coerce [] Plaintiff into continuing to work extended hours, making a statement to the effect that refusal would lead her to suggest he be laid off." *Id.* at ¶ 56. Though Plaintiff had "valuable contracts to complete" for his corporation,[1] Plaintiff "complied with her coercion, observing that his departure would lead to Miss Parker obtaining the involuntary servitude from one of the more handicapped production workers." *See id.* at ¶¶ 43, 57. Plaintiff "call[ed] out" for his remaining shifts and subsequently requested the contact information for human resources. *Id.* at ¶ 59. In September 2018 Plaintiff sent an email to human resources explaining that "he had been defrauded" and would "escalate the matter" if there was no "investigation or remedy." *Id.* at ¶ 60. During some unspecified time in September, Plaintiff "discovered that [the] tires on his trailer had been slashed." *Id.* at ¶ 61.

A San Francisco Police Department officer, Officer Gonsalves, called Plaintiff and indicated that "he had received a call for service alleging that Plaintiff had threatened the human resources personnel of Gate Gourmet," but Officer Gonsalves "agreed that [] Plaintiff had not violated any statute." *Id.* at ¶¶ 62, 64. Plaintiff told Officer Gonsalves that he "did not have great concern about the money he was due" from Gate Gourmet, but was more concerned for "the individuals being forced to work in conditions of forced labor." *Id.* at ¶ 63. Officer Gonsalves indicated that Gate Gourmet's conduct was a civil matter. *Id.* at ¶ 64. In October, Plaintiff found that his vehicle had been tampered with, and the facility manager of a repair shop "confirmed that such vehicle condition was very unlikely to have occurred without tampering, and that it was reasonable to associate the tampering with an attempt on his life by the criminal organization he had opposed." *Id.* at ¶¶ 66-67.

In late November 2018, Parker "visited numerous police departments seeking" Plaintiff's arrest. *Id.* at ¶ 69. An officer from the Daly City Police Department, Ian Maddison, initiated an

---

[1] In February 2018, Plaintiff formed CRATOS Incorporated to "pursu[e] DARPA and Military contracts, building health/productivity optimizing products, developing real estate for such industry creating jobs in underserved regions, and ensuring that the United States remains the leader of the free world." *Id.* at ¶ 43.

inquiry, and Plaintiff made several attempts to contact Officer Maddison, who "did not question []
Plaintiff nor inform him of Miss Parker's complaint." *Id.* at ¶¶ 70, 73, 75. Officer Maddison
"falsely reported that Plaintiff refused to identify himself." *Id.* at ¶ 76. Officer Maddison
"reported that Miss Parker" received threatening text messages from Plaintiff on November 15.
*Id.* at ¶¶ 80-81, 83. Officer Maddison indicated that Parker had reported the text messages to her
supervisor and that she had considered the messages "a credible threat to harm her with firearms."
*Id.* at ¶ 79. Officer Maddison "filed a report with deliberately false and misleading statements"
and obtained an arrest warrant for Plaintiff. *Id.* at ¶ 80. According to the FAC, the complaint that
Officer Maddison filed included the following text messages:

- Just got a belt fed 50.cal
- Can't legally bring it to CA, but it's a lot of fun, I can put a
  bullet all the way through a truck
- Belt fed means I can kill as many people hiding on the other
  side of a truck as I want
- From a half mile away
- Got it as a trade, doing dirty deeds for the right people
- Still waiting for my check, you can tell Tanya I can give her a
  visit at her home if I still need to talk to her to get paid
- I appreciate all the beige ski masks, they came in handy in the
  desert
- Since I liked you I also want to give ya a little tip, a bunch of
  dead property owners from a fire means free real estate for
  whoever can hold it down
- I put the dogs to sleep because they made life inconvenient, I
  liked them a lot too
- Smile emoji
- I liked them a lot more than I like you or Tanya to be honest
- (Photograph of woman with injuries)
- Check it out, I got a picture back from the dirty deed.  I bet
  she does what her husband says now aye lol

*Id.* at ¶ 81. Plaintiff notes that these text messages listed in the complaint are an excerpt from a
lengthier transcript and does not seem to dispute that he sent these messages. *See id.* Officer
Maddison "distributed a TRAK flyer, titled '422 PC to Arrest'" that "deceptively" indicated that
"Plaintiff threatened to use firearms to 'kill as many people . . . as I want." *Id.* at ¶ 86. On
November 19, Plaintiff was awoken "at gun-point, cuffed, and placed in a patrol car." *Id.* at ¶ 87.
Plaintiff was "fully compliant and inquired to Officer Premenko and other arresting officers about
the charge, [but] the arresting officers refused an answer and/or responded that they were
unaware." *Id.* at ¶ 88.

United States District Court
Northern District of California

Officer Paul Mendiara "proceeded to unlawfully search Plaintiff's truck and utility trailer," and Officer Premenko transported Plaintiff "without notice of his right to post bail." *Id.* at ¶¶ 90-91. During his interrogation, Plaintiff's request to Officer Mendiara "to be informed of the details of the offense" was denied. *Id.* at ¶ 96. Plaintiff indicated that he "had observed and experienced all of the element of human trafficking" at Gate Gourmet, that Gate Gourmet previously "had attempted to wrongfully indict him," and that his vehicle was tampered with. *Id.* at ¶ 93. Plaintiff was transported to "county jail in Redwood City for booking." *Id.* at ¶ 98.

The FAC identifies a related, unresolved criminal case pending in San Mateo Superior Court which involves allegations that Plaintiff made criminal threats against his supervisor in violation of California Penal Code Section 422. *See generally* FAC at 1 (citing case No. 18-NF-013669-A). The FAC also details his release on bail, *see id.* at ¶ 103, participation in his preliminary hearing, *see id.* at ¶¶ 99-102, filing of various motions in his criminal matter, *see id.* at ¶¶ 108-09, 124-29, requests for informal discovery from the District Attorney's Office, *see id.* at ¶¶ 110-13, 118, 134-36, and the issuance of subpoenas for witnesses to "further establish the human trafficking and criminal profiteering at Gate Gourmet." *See id.* at ¶ 116. Plaintiff states that the evidence he received from informal discovery included reports by Officer Mendiara, Officer Maddison, and Officer Premenko, a video, and a time-stamped interrogation, and that the documents and video "made evident the false and misleading statements submitted by Officer Maddison and Officer Mendiara." *Id.* at ¶¶ 111-12.

Plaintiff reported the human trafficking and criminal profiteering to the San Francisco Police Department, San Mateo County Police Department, and the FBI, but alleges that "there has been no further communication or inquiry indicating any progress or advancement in their investigation." *Id.* at ¶ 180. Plaintiff alleges that various Defendants, specifically Daly City, San Mateo County, the City and County of San Francisco, and the FBI, have "failed to properly investigate the incident, and/or failed to take any action to discipline the involved actors, allocate [] Plaintiff with equal protections of the law, or avoid similar incidents from occurring in the future," and that "such conduct evidences the ratification of the foregoing acts and omissions by [] Defendants, and evidences a deliberate indifference to the rights of citizens." *Id.* at ¶ 182.

1    Plaintiff states that "Defendants acted as integral participants, each with fundamental involvement

2    in the violation of Plaintiff's rights." *Id.* at ¶ 183.  Plaintiff states that Defendants' acts or

3    omissions were a "direct and proximate result" of Plaintiff's injuries, including wrongful seizure,

4    false imprisonment, violations of state and federal constitutional rights (including violations of the

5    First, Second, Fourth, and Fourteenth Amendments), emotional distress and loss of liberty, and

6    property damages for lost property and wages.  *Id.* at ¶ 185.

7           Plaintiff alleges the following causes of action, though it is not always clear which

8    Defendants Plaintiff references for a given cause of action:

9           1.  Violation of 42 U.S.C §§ 1983, 1985, 1986; 18 USC §§ 242,
                371

10          2.  Violation of Section 1983 based on unconstitutional custom
                or policy by a municipality under *Monell v. Dep't of Soc.*

11              *Servs. of City of New York*, 436 U.S. 658 (1978)

12          3.  Violation of the Bane Act, California Civil Code 52.1

13          4.  Violation of Article 1, Section 13 of the California
                Constitution

14

15          5.  False arrest and false imprisonment

16          6.  Invasion of privacy

17          7.  Negligence

18          8.  Human trafficking, racketeering, criminal profiteering, forced
                labor, involuntary servitude, operating in the US as an
                unregistered foreign agent

19

20          9.  Interfering with enforcement of US Codes governing
                trafficking in forced labor and involuntary servitude

21   *See* FAC ¶¶ 186-231.

22   **II.    LEGAL STANDARD**

23          Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

24   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

25   defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

26   granted under Federal Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is

27   appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

28

United States District Court
Northern District of California

5

a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted).

## III.   DISCUSSION

Given that the only basis for subject matter jurisdiction over Plaintiff's state law claims is supplemental jurisdiction, FAC at 3-4, the Court first addresses the federal claims. Even affording Plaintiff some leeway given his *pro se* status, the Court finds that most of the federal claims in the FAC clearly fail. Plaintiff alleges the following federal causes of action: (1) violation of 42 U.S.C. § 1983, 1985, and 1986; (2) violation of Section 1983 based on a theory of municipal and supervisory liability; (3) violation of 18 U.S.C. §§ 242 and 371; (4) violation of 18 U.S.C. §§ 1584, 1589, and 1590; (5) violation of 18 U.S.C. §§ 1584b and 1590b; (6) violation of 18 U.S.C. § 1962; and (7) violation of 18 U.S.C. § 951.

### A.   Daly City Defendants

Plaintiff makes various allegations against Defendants "City of Daly," Ian Maddison, Paul

Mendiara, Jonathan Premenko, and Patrick Hensley (collectively, "Daly City Defendants").[2]  With the exception of Plaintiff's Section 1983 claim alleging a violation of the Fourth Amendment based on the warrantless search of his truck and trailer, the Court dismisses all of the federal claims against Daly City Defendants without leave to amend.[3]

### i.    42 U.S.C. § 1983

A claim under Section 1983 requires two elements: "[f]irst, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States," and "[s]econd, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970) (quoting 42 U.S.C. § 1983).

- Plaintiff alleges a claim for unlawful arrest in violation of the Fourth Amendment.[4] The Court **DISMISSES** this claim **WITHOUT LEAVE TO AMEND** because the Court finds that there was probable cause for Plaintiff's arrest based on the text messages cited in the FAC, which Plaintiff does not dispute sending.  *See* FAC ¶ 81 (listing texts and noting texts are from an excerpt from a lengthier transcript);

---

[2] Daly City Defendants argue that Jonathan Premenko and Patrick Hensley were not properly named.  *See* Dkt. No. 18 at 9; Dkt. No. 20 at 2.  The Court finds that these individuals were not properly named as defendants, but further finds that even had they been properly named, the claims would meet the same fate as those against the named Daly City Defendants.

[3] Daly City Defendants request that the Court take judicial notice of the transcript of the preliminary hearing in the state criminal court proceedings, as well as various filings on the docket of this case, including Plaintiff's application to proceed in forma pauperis, the Court's Order granting that application, the original complaint, and the first amended complaint.  Dkt. No. 18-1. The Court **DENIES AS MOOT** the requests for judicial notice of the transcript of the preliminary hearing, Plaintiff's application to proceed in forma pauperis, the Court's Order granting that application, and the original complaint because the Court does not rely on any of these documents in its analysis.  The Court further **DENIES AS MOOT** the request for judicial notice of the first amended complaint that forms the basis of the present motions because that request is unnecessary and duplicative.

[4] Because Plaintiff's first cause of action is largely incomprehensible and non-specific, it is unclear whether Plaintiff is alleging an overlap between the Fourth and Fourteenth Amendment claims.  But to the extent that state law has created a due process right to be free from unlawful searches and seizures, the Court finds that the Fourth Amendment governs Plaintiff's claim under the more-specific-provision rule of *Graham v. Connor*, 490 U.S. 386 (1989).  The more-specific-provision rule "requires that if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under substantive due process."  *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 833 (1998).

United States District Court
Northern District of California

*Lacey v. Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.") (quoting *Dubner v. City and Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir.2001)).

- Plaintiff also alleges a claim for unlawful search in violation of the Fourth Amendment. Beyond listing two warrant exceptions, Defendants do not elaborate on the facts supporting their application. *See* Dkt. No. 18 at 14-15. The Court exercises its discretion to **STAY** this claim pending the resolution of the state criminal court proceedings. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (noting the "power of the district court . . . to stay the civil action until the criminal case or the likelihood of a criminal case is ended"); *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that Section 1983 claim for damages must be dismissed if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence"); *Whitaker v. Garcetti*, 486 F.3d 572, 583–84 (9th Cir. 2007) (holding that *Heck* barred plaintiffs' claims "challeng[ing] the search and seizure of evidence upon which their criminal charges and convictions were based").

- To the extent Plaintiff attempts to assert a Fifth Amendment due process claim, the Court **DISMISSES** this claim **WITHOUT LEAVE TO AMEND** because Fifth Amendment claims are not cognizable against state or local actors. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).

- Plaintiff alleges violations of the First and Second Amendments, but provides entirely insufficient allegations to support a violation of these amendments, and the allegations in the FAC do not suggest this deficiency can be cured. Accordingly, the Court **DISMISSES** these claims **WITHOUT LEAVE TO AMEND**.

- Referring to state criminal penal code provisions, *see* Dkt. No. 19 at 9-10, Plaintiff alleges that Daly City Defendants did not afford him the "right to be informed of the charges justifying the arrest upon asking," "the right to be allowed bail in the

8

United States District Court
Northern District of California

county the arrest takes place," and "the right to a phone call within 3 hours of arrest." *See* FAC ¶ 187. Plaintiff cannot state a cognizable Section 1983 claim based on alleged violations of state law. *See Wyatt v. Walmart Store*, No. 2:08-CV-02902MCECMK, 2009 WL 3367450, at *4 (E.D. Cal. Oct. 19, 2009) (noting "a viable § 1983 claim . . . flows from the violation of either federal law or the United States Constitution"). The Court **DISMISSES** this claim **WITHOUT LEAVE TO AMEND**.

- Plaintiff alleges a violation of Section 1983 based on unconstitutional custom or policy by a municipality under *Monell*. The FAC does not sufficiently detail that Daly City had an official policy that was the moving force behind any alleged injury. Plaintiff only provides wholly conclusory allegations regarding alleged polices or customs, *see* FAC ¶ 192, with no supporting facts whatsoever. The Court **DISMISSES** the *Monell* claim **WITHOUT LEAVE TO AMEND**.

### ii. 42 U.S.C. §§ 1985 and 1986

"Section 1985 creates a civil action for damages caused by two or more persons who 'conspire . . . for the purpose of depriving' the injured person of 'the equal protection of the laws, or of equal privileges and immunities under the laws' and take or cause to be taken 'any act in furtherance of the object of such conspiracy.' " *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (quoting 42 U.S.C. § 1985). A claim under Section 1985(3) requires "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Steshenko v. Gayrard*, 70 F. Supp. 3d 979, 998 (N.D. Cal. 2014) (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992)). "A mere allegation of conspiracy is insufficient to state a claim." *Id.* (citing *Holgate v. Baldwin*, 425 F.3d 671, 676-77 (9th Cir. 2005)). Further, a plaintiff alleging a Section 1985(3) claim must show that the deprivation of a legally protected right was motivated by class-based animus. *Id.* (citing *Sever*, 978 F.2d at 1536). Section 1986 creates a cause of

United States District Court
Northern District of California

1   action for neglecting to prevent conspiracy to interfere with civil rights and requires a "valid claim

2   for relief under section 1985." *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).

3        •  The Court construes Plaintiff's 1985 and 1986 claims as predicated on the 1983

4          claim because he alleges that there was a conspiracy to wrongfully indict him based

5          on the same allegations relating to the 1983 claim. *See* FAC ¶¶ 65, 97, 202. The

6          Court **DISMISSES** the conspiracy claims **WITHOUT LEAVE TO AMEND**

7          because Plaintiff's vague and conclusory allegations do not plausibly suggest any

8          conspiracy existed, or importantly, that any alleged legal deprivation was motivated

9          by any class-based animus.

10       **iii.**    **18 U.S.C. §§ 242 and 371**

11        •  The Court **DISMISSES** these claims **WITHOUT LEAVE TO AMEND** because

12          these are federal criminal statutes that do not provide a private civil right of action.

13          *See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F.

14          Supp. 2d 17, 23 (D.D.C. 2003) (finding that "plaintiff is precluded from asserting

15          any claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they

16          do not convey a private right of action").

17       **iv.**    **18 U.S.C. § 1584b and 18 U.S.C. § 1590b**

18       Section 1584 of Title 18 makes it unlawful to knowingly and willfully hold a person in a

19   condition of involuntary servitude. 18 U.S.C. § 1584. Section 1590 of Title 18 makes it unlawful

20   to "knowingly recruit[], harbor[], transport[], provide[], or obtain[] by any means, any person for

21   labor or services" in violation of the offenses contained in Chapter 77 of Title 18. 18 U.S.C. §

22   1590. The involuntary servitude provision and the trafficking into servitude provision each state

23   that "[w]hoever obstructs, attempts to obstruct, or in any way interferes with or prevents the

24   enforcement of this section, shall be subject to the penalties under subsection (a)," which include

25   fines, imprisonment, or both. 18 U.S.C. §§ 1584(b), 1590(b). Section 1595 provides for a private

26   right of action for a victim of "any violation under Chapter 77 of Title 18, including violations of

27   Sections 1584 and 1590." *Hernandez v. Attisha*, No. 09CV-2257-IEGWMC, 2010 WL 816160, at

28   *2 (S.D. Cal. Mar. 5, 2010).

United States District Court
Northern District of California

- The FAC alleges that Daly City Defendants failed to properly investigate the human trafficking and criminal profiteering that Plaintiff reported.  FAC ¶¶ 180, 182.  Plaintiff's theory, predicated on the idea that investigating authorities did not act as Plaintiff thought they should have, is inadequate as a matter of law, and nothing in the FAC suggests that these allegations can be amended to state a cognizable claim against these defendants.  The Court **DISMISSES** these claims **WITHOUT LEAVE TO AMEND**.

**B.    San Mateo Defendants**

Plaintiff brings various claims against Defendants San Mateo County and District Attorney Stephen Wagstaffe (collectively, "San Mateo Defendants").  The Court **DISMISSES** all federal claims against San Mateo Defendants **WITHOUT LEAVE TO AMEND**.

**i.    42 U.S.C. § 1983**

- The Court **DISMISSES** the 1983 claim against District Attorney Wagstaffe **WITHOUT LEAVE TO AMEND** because he has immunity for prosecuting the case against Plaintiff in San Mateo County.  "A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.'"  *Harris v. Bullard*, No. 19-CV-06648-HSG, 2020 WL 353472, at *2 (N.D. Cal. Jan. 21, 2020) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)).

- Plaintiff's related allegations against San Mateo County are made on the same basis (namely, that Defendant Wagstaffe prosecuted him).  Accordingly, the Court **DISMISSES** the *Monell* claim **WITHOUT LEAVE TO AMEND** because Plaintiff cannot show any viable underlying constitutional violation.

**ii.    42 U.S.C. §§ 1985 and 1986**

- The Court **DISMISSES** the conspiracy claims **WITHOUT LEAVE TO AMEND** for the same reasons identified above as to Daly City Defendants.

11

### iii.   18 U.S.C. §§ 242 and 371

- The Court **DISMISSES** these claims **WITHOUT LEAVE TO AMEND** for the same reason identified above as to Daly City Defendants.

### iv.   18 U.S.C. § 1584b and 18 U.S.C. § 1590b

- The FAC similarly alleges that San Mateo Defendants failed to properly investigate the human trafficking and criminal profiteering that Plaintiff reported.  FAC ¶¶ 180, 182.  As previously noted, Plaintiff's theory is inadequate as a matter of law and the allegations cannot be cured to state a cognizable claim.  The Court **DISMISSES** these claims **WITHOUT LEAVE TO AMEND**.

## C.   Gate Gourmet

Plaintiff makes various allegations against Gate Gourmet.  The Court dismisses the Section 1589, 1590, and 1962 claims with leave to amend.  And the Court dismisses the remaining federal claims against Gate Gourmet without leave to amend.

### i.   42 U.S.C. § 1983

- The Court **DISMISSES** the Section 1983 claim **WITHOUT LEAVE TO AMEND** because Gate Gourmet is not a state actor, and the FAC does not plausibly suggest that it had control over any state actor.  Plaintiff points to allegations in the FAC relating to Margaret Parker, a Gate Gourmet employee, reporting him to the police.  *See* Dkt. No. 30 at 4 (citing FAC ¶¶ 62, 69, 82).  But those allegations do not plausibly suggest that Parker, much less Gate Gourmet, exercised any control over the decision to arrest him.

### ii.   42 U.S.C. §§ 1985 and 1986

- The Court **DISMISSES** the conspiracy claims **WITHOUT LEAVE TO AMEND** for the same reasons identified above as to Daly City Defendants.

### iii.   18 U.S.C. §§ 242 and 371

- The Court **DISMISSES** these claims **WITHOUT LEAVE TO AMEND** for the same reason identified above as to Daly City Defendants.

### iv.   18 U.S.C. §§ 1584, 1589, and 1590

12

United States District Court
Northern District of California

In addition to alleging violations of the involuntary servitude and trafficking provisions, Plaintiff alleges that Gate Gourmet violated Section 1589 of Title 18, which prohibits "knowingly provid[ing] or obtain[ing] the labor or services of a person through force, physical restraint, serious harm, abuse of law or legal process, threats of any of those means, or any combination of those methods." *Novoa v. GEO Grp., Inc.*, No. EDCV172514JGBSHKX, 2019 WL 7195331, at *8 (C.D. Cal. Nov. 26, 2019) (internal quotation marks omitted). "The term 'serious harm' means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm." 18 U.S.C. § 1589(c). Section 1595 also provides for a private right of action for a victim of a violation of Section 1589. *Novoa*, 2019 WL 7195331, at *8 (citing 18 U.S.C. § 1595).

Plaintiff argues that the FAC shows that Gate Gourmet had a "practice of obtaining coerced labor with threats of financial harm, that Plaintiff had experienced himself." Dkt. No. 30 at 6 (citing FAC ¶¶ 52-58). The allegations indicate that he reached out to an "elderly woman" who "stated that she had been defrauded of thousands and had gone into life threatening diabetic shock twice during her experience being forced to work and going unpaid." *Id.* at ¶119. He states that he was "similarly defrauded" and undetailed allegations that Plaintiff observed Parker "coercing reluctant individuals to work extended shifts" and "heard testimony" that others were not being paid. *Id.* at ¶ 54. He alleges that Parker "ma[de] a statement to the effect that refusal [to work extended hours] would lead her to suggest he be laid off." *Id.* at ¶ 56.

- As for the Section 1589 claim, there are insufficient allegations to plausibly suggest that Gate Gourmet obtained labor by the means listed in the statute (i.e. threats of force or physical restraint, threats of serious harm) with the required state of mind. *See Mallela v. Cogent Infotech Corp.*, No. 2:19-CV-01658-NR, 2020 WL 2541860, at *3 (W.D. Pa. May 19, 2020) (finding "forced-labor and trafficking-into-servitude claims fail because [plaintiff] has failed to plead sufficient facts as to [defendant's] intent and the threat of harm"). As noted, Plaintiff's theory relies on "threats of

United States District Court
Northern District of California

financial harm, that Plaintiff had experienced himself." Dkt. No. 30 at 6.  Parker's statement that Plaintiff construed as "suggest[ing] he [would] be laid off," *see* FAC ¶ 56, does not show that Gate Gourmet intended to cause Plaintiff "to believe that if [he] does not continue to work, [he] will suffer the type of serious harm—physical or nonphysical, including psychological, financial, reputation harm—that would compel someone in h[is] circumstances to continue working to avoid that harm." *See United States v. Dann*, 652 F.3d 1160, 1170 (9th Cir. 2011) ("The linchpin of the serious harm analysis under § 1589 is not just that serious harm was threatened but that the employer intended the victim to believe that such harm would befall her.").  The Court is very skeptical that this claim amounts to more than a routine workplace dispute, but will allow Plaintiff one more opportunity to plead additional facts sufficient to state a claim.  *See id.* ("[N]ot all bad employer-employee relationships . . . will constitute forced labor.").  Accordingly, the Court **DISMISSES** the Section 1589 claim **WITH LEAVE TO AMEND**.  Plaintiff is warned that failure to adequately plead each of the elements of a Section 1589 claim, with specific supporting facts, will result in dismissal without further leave to amend.

- Similar to the Section 1589 claim, the Court **DISMISSES** the Section 1590 claim **WITH LEAVE TO AMEND** because a "1590 claim depends on a predicate TVPRA offense—such as forced labor." *See Martinez-Rodriguez v. Giles*, 391 F. Supp. 3d 985, 998 (D. Idaho 2019).

- As for the Section 1584 claim, there are insufficient allegations to plausibly suggest that Gate Gourmet "knowingly and willfully" held Plaintiff in a condition of "involuntary servitude," and nothing in the allegations suggests that Plaintiff can cure this deficiency by amending given the nature of the dispute he already has pled.  *See Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL 2193644, at *6 (S.D. Cal. May 14, 2018) (noting "Congress intended § 1584 to carry the same meaning as the Thirteenth Amendment's prohibition against

14

'involuntary servitude.' ") (citing *United States v. Kozminski*, 487 U.S. 931, 944-45 (1988)).  The Court **DISMISSES** the Section 1584 claim **WITHOUT LEAVE TO AMEND**.

### v.    18 U.S.C. § 1962

"RICO provides a private cause of action for '[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962].'" *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (alterations in original) (quoting 18 U.S.C. § 1964(c)).  "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property."  *Id.*

- The Court construes the FAC as alleging that the violations of the Trafficking Victims Protection Reauthorization Act constitute the predicate acts.  *See* Dkt. No. 30 at 8 (stating the racketeering activity includes the TVPRA acts); *see also* 18 U.S.C. § 1961 (defining "racketeering activity" as including "any act which is indictable under . . . sections 1581–1592" of Title 18).  Given that the Court dismissed the Section 1589 and 1590 claims with leave to amend, the Court **DISMISSES** the RICO claim **WITH LEAVE TO AMEND** to the extent that it is based on these predicate acts.  Plaintiff is warned that failure to adequately plead each of the elements of a RICO claim, with specific supporting facts, will result in dismissal without further leave to amend.

### vi.    18 U.S.C. § 951

Section 951 of Title 18 provides criminal liability for "whoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General."  18 U.S.C. § 951.

- Because Section 951 is a federal criminal statute, the Court **DISMISSES** this claim **WITHOUT LEAVE TO AMEND**.

### D.    FBI

Plaintiff brings at least two federal claims against the FBI.  The Court dismisses all federal

United States District Court
Northern District of California

1  claims against the FBI without leave to amend.

2         **i.**    **42 U.S.C. § 1983**

3        • It is unclear whether Plaintiff intends to allege a 1983 violation against the FBI.

4          The FAC does not detail any specific allegations for that cause of action, *see* FAC ¶

5          186-190, and Plaintiff did not address Defendant FBI's related arguments in his

6          opposition, *see* Dkt. No. 36.  To the extent Plaintiff alleges a violation of Section

7          1983, the Court **DISMISSES** the 1983 claim **WITHOUT LEAVE TO AMEND**.

8          *See Beasley v. Fed. Bureau of Investigation*, No. CV-19-04606-PHX-JJT, 2019 WL

9          3017609, at *1 (D. Ariz. July 10, 2019) (dismissing 1983 claim without leave to

10          amend because "FBI is not an agency of state government or otherwise a state

11          actor").

12         **ii.**    **18 U.S.C. §§ 242 and 371**

13        • The Court **DISMISSES** these claims **WITHOUT LEAVE TO AMEND** for the

14          same reason identified above as to Daly City Defendants.

15        **iii.**    **18 U.S.C. § 1584b and 18 U.S.C. § 1590b**

16        • The FAC alleges that the FBI failed to properly investigate the human trafficking

17          and criminal profiteering that Plaintiff reported.  FAC ¶¶ 180, 182.  Because

18          Plaintiff's theory is inadequate as a matter of law, the Court **DISMISSES** these

19          claims **WITHOUT LEAVE TO AMEND**.

20      **E.**    **Dave Kennan**

21      Plaintiff brings one federal claim against Defendant South San Francisco Police

22  Department Sergeant Dave Kennan.  The limited allegations concerning Defendant Kennan

23  include that Plaintiff received a voicemail from Kennan "regarding the barking dogs [] in his

24  trailer" and that when "Plaintiff sought the records of the call for service answered by Sergeant

25  Kennan" he "discovered that [] Kennan falsely, deceptively, and negligently recorded that he had

26  never communicated with Plaintiff."  *See* FAC ¶¶ 12, 49, 130.

27         **i.**    **18 U.S.C. § 1584b and 18 U.S.C. § 1590b**

28        • There is nothing in the FAC to plausibly suggest that Defendant Kennan interfered

United States District Court
Northern District of California

16

with or prevented the enforcement of Sections 1584 or 1590.  The FAC does not even allege that Plaintiff reported any incidents of human trafficking to Sergeant Kennan.  And even if he had, any theory that Defendant Kennan failed to investigate these reports as Plaintiff thought he should would be insufficient as a matter of law.  The Court **DISMISSES** these claims **WITHOUT LEAVE TO AMEND**.

### F.    STATE LAW CLAIMS

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Id.* (citation and internal quotations omitted).

Plaintiff's FAC does not contend that there is diversity jurisdiction, but rather alleges that the Court has subject matter jurisdiction over the federal claims and supplemental jurisdiction over the state claims.  FAC at 3-4.  Having stayed one federal claim and dismissed the remaining federal claims, the Court, in its discretion, declines to address the remaining state law claims against Defendants unless and until Plaintiff can state a valid federal claim.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED** as follows:

- All federal claims against San Mateo Defendants, the FBI, and Dave Kennan are **DISMISSED WITHOUT LEAVE TO AMEND**;
- The Section 1983 claim against Daly City Defendants alleging a violation of the Fourth Amendment based on Plaintiff's arrest is **DISMISSED WITHOUT LEAVE TO AMEND**;
- The Section 1983 claims against Daly City Defendants alleging violations of the Fifth Amendment, First Amendment, and Second Amendment are **DISMISSED**

United States District Court
Northern District of California

1    **WITHOUT LEAVE TO AMEND**;

2    • The Section 1983 claim against Daly City Defendants alleging violations of state

3      law is **DISMISSED WITHOUT LEAVE TO AMEND**;

4    • The *Monell* claim against Daly City Defendants is **DISMISSED WITHOUT**

5      **LEAVE TO AMEND**;

6    • The conspiracy claims under Sections 1985 and 1986 against Daly City Defendants

7      and Gate Gourmet are **DISMISSED WITHOUT LEAVE TO AMEND**;

8    • The claims under Sections 242 and 371 against Daly City Defendants and Gate

9      Gourmet are **DISMISSED WITHOUT LEAVE TO AMEND**;

10    • The claims against Daly City Defendants alleging violations of Sections 1584 and

11      1590 are **DISMISSED WITHOUT LEAVE TO AMEND**;

12    • The Section 1983 claim against Gate Gourmet is **DISMISSED WITHOUT**

13      **LEAVE TO AMEND**;

14    • The claim against Gate Gourmet alleging a violation of Section 1584 is

15      **DISMISSED WITHOUT LEAVE TO AMEND**;

16    • The claim against Gate Gourmet alleging a violation of Section 951 is

17      **DISMISSED WITHOUT LEAVE TO AMEND**;

18    • The Section 1983 claim against Daly City Defendants alleging a violation of the

19      Fourth Amendment based on the warrantless search of his truck and trailer is

20      **STAYED** pending resolution of the state criminal proceeding;

21    • The claims against Gate Gourmet alleging violations of Sections 1589, 1590,

22      and 1962 are dismissed **WITH LEAVE TO AMEND**.

23      The Court cautions Plaintiff to carefully consider the above analysis when amending his

24 complaint. Any amended complaint cannot reassert claims that were dismissed without leave to

25 amend. Apart from one specific Section 1983 claim against Daly City Defendants that the Court

26 has stayed, which Plaintiff may again allege, there are only three federal claims against Gate

27 Gourmet as to which the Court has granted leave to amend. Plaintiff may amend these three

28 claims to attempt to address the defects identified in this order, but may not add new claims or

defendants in his second amended complaint.  Plaintiff may include the currently-alleged state law claims against Defendants, without modification, in the second amended complaint, but should be aware that the Court will not exercise supplemental jurisdiction over these claims unless Plaintiff can sufficiently plead facts that give rise to cognizable claims under a federal statute.  And even if Plaintiff eventually can sufficiently plead a federal claim, the Court will dismiss the state law claims if they fail to meet the applicable pleading standards.  In any amended complaint, Plaintiff must clearly identify: (1) each legal claim; (2) the facts supporting each claim; and (3) the defendant against whom the claim is alleged.  Plaintiff may not lump all Defendants together, and must plead his claims consistent with the requirements discussed above.

As the above analysis should make clear, the Court believes that Plaintiff's complaint borders on being frivolous in significant part, and that the complaint could fairly be read as primarily intended to harass the Defendants.  Failure to correct the identified deficiencies will result in dismissal without further leave to amend.  Any amended complaint must be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated:  3/15/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge