UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS THORNTON,<br><br>    Plaintiff,<br><br>v.<br><br>DALY CITY, et al.,<br><br>    Defendants. | Case No. 19-cv-07638-HSG<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. Nos. 51, 52 |

On March 17, 2021, Plaintiff Curtis Thornton ("Plaintiff") filed a motion to disqualify the undersigned judge, *see* Dkt. No. 51, followed by an amended motion to disqualify, *see* Dkt. No. 52 ("Mot."). The motion to disqualify is **DENIED**.

Plaintiff moves to recuse the undersigned based on:

> the May 31st, 1870 Act to enforce the Right of Citizens of the United States to vote in the several States of this Union and for other Purposes, 18 U.S. Code § 2383 (Insurrection and Rebellion), the April 15th, 1861, Presidential Proclamation declaring insurrection and rebellion against US law, 18 USC 1590 (Trafficking in Forced Labor), the 5th, 6th, and 14th Amendment of the United States Constitution.

Mot. at 1.[1]

Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 requires a party seeking recusal to file a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify

---

[1] Plaintiff's amended motion to disqualify includes the same bases as the first motion, but adds the Sixth Amendment. *Compare* Dkt. No. 51 *with* Mot.

himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455 (b)(1). Section 455 includes additional circumstances in which a judge must disqualify himself, none of which are relevant to the bases Plaintiff lists. *See id.* § 455 (b)(2)-(5).

The Court finds that Plaintiff's motion fails as a matter of law. Beyond listing statutes and constitutional amendments, Plaintiff makes no specific allegations in support of the request for disqualification. Plaintiff fails to establish any basis, under either § 144 or § 455, on which the Court's impartiality might reasonably be questioned. "Ordinarily, the alleged bias must stem from an 'extrajudicial source.'" *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). Judicial rulings may constitute grounds for an eventual appeal, but are not a valid basis for a motion for recusal. *See Liteky*, 510 U.S. at 555-56; *see also Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."); *McCoy v. Stronach*, No. 112CV000983AWISABPC, 2021 WL 147989, at *1–2 (E.D. Cal. Jan. 15, 2021) (denying plaintiff's motion for disqualification based on adverse ruling on motion).

Accordingly, the Court **DENIES** Plaintiff's motion to disqualify. This order terminates Dkt. Nos. 51 and 52.

**IT IS SO ORDERED.**

Dated: 3/18/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge